UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE VADEN, JR., | No. 2:24-cv-2182-SCR |
| Plaintiff, | |
| v. | ORDER |
| FORENSIC MEDICAL GROUP, et al., | |
| Defendants. | |

Plaintiff, a former county inmate currently in state custody, filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motions to proceed in forma pauperis are granted.[1]

I.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations of the Complaint

Plaintiff is a mobility impaired, diabetic inmate who is a devout Muslim.  ECF No. 1.  On or about November 14, 2023, he was transferred from state custody to the Solano County Jail with his durable medical equipment as well as his current medications.

Plaintiff informed the intake nurse at the jail, identified in the complaint as John Doe, that he required Kosher meals based on his religion.  John Doe told plaintiff that he could not be approved for Kosher meals until he was evaluated by his assigned doctor, who was not available. Plaintiff was deprived of Kosher meals for five days which caused him to suffer hypoglycemia, stomach pains due to hunger, muscle aches, weakness, and dizziness.  Based on these facts,

plaintiff alleges that the **John Doe Intake Nurse** violated his First Amendment right to the free exercise of his religion.

On November 25, 2023, **Chaplain Rodney Jones** met with plaintiff at his cell door and asked him questions about his religion and Islamic prayer practices. Chaplain Jones denied plaintiff's request for a Kosher diet because it was against jail policy. Plaintiff alleges this also violated his First Amendment religious rights.

Plaintiff also names the **Forensic Medical Group ("FMG")** as a defendant in this action since it is responsible for providing medical treatment to all inmates at the Solano County Jail. Plaintiff asserts that FMG's policy of requiring a doctor to approve religious diets violated his First Amendment right to the free exercise of his religion.

Also named as a defendant is the **Solano County Sheriff** based on the Sheriff's alleged policy that requires a doctor to approve an inmate's religious diet. Plaintiff asserts that this policy delayed his access to Kosher meals causing him to suffer negative effects on his health.

According to the complaint, defendant **Nurse Henry** also delayed plaintiff's access to a doctor to approve his Kosher diet on November 15, 2023. Defendant Henry gave plaintiff medication that she had dropped on the ground and then refused to renew plaintiff's pain medication. Based on his lack of pain medication, plaintiff suffered nightmares, stomach problems, and depression.

Plaintiff also alleges that defendant **John Doe #1** was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by denying and delaying his medications, incontinence supplies, durable medical devices, a Kosher diet, and placement in an ADA cell.[2] John Doe #1 also denied plaintiff's request for an intake evaluation by a mental health clinician causing him to quit his mental health medication cold turkey because it was not renewed.

Additionally, on several occasions, defendant **Jane Doe #1** injected plaintiff with long-

---

[2] It is not clear from the complaint whether plaintiff was transferred to the Solano County Jail as a pretrial detainee with pending criminal charges, or, whether he was pending resentencing on charges for which he was already convicted. This information is relevant in determining whether the Eighth or Fourteenth Amendment standard applies to plaintiff's claims.

3

lasting insulin while knowing that plaintiff was fasting due to his lack of access to Kosher meals. This caused plaintiff to suffer episodes of hypoglycemia. On November 18, 2023, Jane Doe #1 failed to provide immediate medical treatment for plaintiff whose blood glucose level dropped to 58 mg/dl. Jane Doe #1 also failed to request that medical staff approve a Kosher diet for plaintiff, renew his medications, and refer him to a mental health professional. Based on these allegations, plaintiff asserts that Jane Doe #1 was deliberately indifferent to his serious medical needs.

The **Solano County Jail**, named as an additional defendant in this action, violated the Americans with Disabilities Act ("ADA") by denying plaintiff access to a handicapped intake cell that would accommodate his wheelchair.[3] Plaintiff was also denied a walker and other durable medical equipment for his carpal tunnel syndrome and polyneuropathy without conducting a medical evaluation of plaintiff's physical disabilities. The complaint also alleges that plaintiff was denied ADA accommodations during his jail visits which caused him pain and undue suffering.

Finally, plaintiff contends that defendant **R. Powell**, a Solano County Deputy Sheriff, retaliated against him in violation of the First Amendment by filing a false disciplinary charge against him based on plaintiff's complaints about his living conditions and inadequate medical care. Plaintiff further alleges that this disciplinary charge was also based on plaintiff's race and disability. The complaint contends that defendant's actions had a chilling effect on plaintiff.

III.   Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid claim for relief pursuant to the First Amendment free exercise clause against defendants **John Doe Intake Nurse**, **Chaplain Rodney Jones**; the **Solano County Sheriff**; **Nurse Henry**; and the **Forensic Medical Group** for delaying and/or denying him Kosher meals; a Fourteenth Amendment deliberate indifference claim against

---

[3] Since plaintiff is representing himself, the court liberally construes this claim as being raised against Solano County which administers the Solano County Jail. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); see also Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) (concluding that a local governmental entity or municipality may be sued as a "person" pursuant to 42 U.S.C. § 1983).

defendants **Nurse Henry**, **John Doe #1**, and **Jane Doe #1**; a First Amendment retaliation claim against defendant **R. Powell**; and, an ADA violation against the **Solano County Jail**.[4]

IV.   Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any state law medical negligence claim against any defendant because plaintiff does not indicate that he has complied with California's Government Claims Act. Section 905 of the California Government Code requires all claims for monetary damages against a public employee or entity to be first presented to the California Victim Compensation and Government Claims Board. State tort claims included in a federal civil rights action may proceed only if the claims were first presented to the state in compliance with this claim presentation requirement. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988).

To the extent plaintiff may be attempting to bring a claim pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which requires the confidentiality of medical records, he fails to state a claim on that basis. HIPAA does not authorize private lawsuits. Garmon v. County of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016) ("HIPAA itself provides no private right of action." (quoting Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007))). Courts have generally treated HIPPA's lack of a private right of action as conclusive in determining that HIPPA is not actionable under §1983. See, e.g., Huling v. City of Los Banos, 869 F. Supp. 2d 1139, 1154 (E.D. Cal. 2012). Regardless of whether the absence of a private right of action in a statute necessarily and always precludes a §1983 action to

---

[4] For screening purposes, the court applies the Fourteenth Amendment standard to plaintiff's deliberate indifference claims. See Vazquez v. Cnty. of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits all punishment of pretrial detainees, while the Eighth Amendment only prevents the imposition of cruel and unusual punishment of convicted prisoners.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004)(emphasis omitted)); see also Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021) (finding that a restriction may be punitive under the Fourteenth Amendment if it involves a "reckless disregard for inmates' health or safety."). Even if plaintiff's claims are governed by the Eighth Amendment, his allegations are sufficient to state a claim. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment" (citation omitted)).

enforce that statute, HIPPA is not enforceable pursuant to §1983. That is because its provisions "entirely lack the sort of 'rights-creating' language critical to showing the requisite congressional intent to create new rights." Gonzaga University v. Doe, 536 U.S. 273, 286 (2002). However, the Ninth Circuit has held that the constitutional right to informational privacy extends to medical information. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citations omitted). The complaint does not contain sufficient information for the court to determine whether plaintiff's Fourteenth Amendment right to privacy was denied by any defendant in this action.

Since it appears to the court that plaintiff may be able to allege additional facts to fix these defects, plaintiff has the option of filing an amended complaint. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court will not refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

V.   Options from Which Plaintiff Must Choose

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

1 **The first option available to plaintiff is to proceed immediately on his claims**

2 **pursuant to the First Amendment free exercise clause against defendants John Doe Intake**

3 **Nurse, Chaplain Rodney Jones; the Solano County Sheriff; Nurse Henry; and the Forensic**

4 **Medical Group for delaying and/or denying him Kosher meals; a Fourteenth Amendment**

5 **deliberate indifference claim against defendants Nurse Henry, John Doe #1, and Jane Doe**

6 **#1; a First Amendment retaliation claim against defendant R. Powell; and, an ADA**

7 **violation against the Solano County Jail.  By choosing this option, plaintiff will be agreeing**

8 **to voluntarily dismiss all state law negligence claims and HIPAA violations.  The court will**

9 **proceed to immediately serve the complaint and order a response from Chaplain Jones, the**

10 **Solano County Sheriff, Nurse Henry, the Forensic Medical Group, the Solano County Jail,**

11 **and R. Powell.**[5]

12 **The second option available to plaintiff is to file an amended complaint to fix the**

13 **problems described in Section IV based on state law negligence claims and HIPAA**

14 **violations.  If plaintiff chooses this option, the court will set a deadline in a subsequent order**

15 **to give plaintiff time to file an amended complaint.**

16 Accordingly, IT IS HEREBY ORDERED that:

17 1.  Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 5, 6) are

18 GRANTED.

19 2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22 appropriate agency filed concurrently herewith.

---

[5] Although the use of Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real names.  See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010).  Therefore, the court will not order service on the John Doe Intake Nurse, John Doe #1, or Jane Doe #1 if plaintiff chooses to proceed on the claims found cognizable in this order.

3. Plaintiff's state law negligence and HIPAA claims against defendants do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his remaining claims against defendants as set forth in Section III above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the state law negligence and HIPAA claims.

DATED: August 11, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE VADEN, JR., Plaintiff, v. FORENSIC MEDICAL GROUP, et al., Defendants. | No. 2:24-cv-2182-SCR<br><br>NOTICE OF ELECTION |

**Check one:**

_____ Plaintiff wants to proceed immediately on the First Amendment free exercise clause claims against defendants John Doe Intake Nurse, Chaplain Rodney Jones; the Solano County Sheriff; Nurse Henry; and the Forensic Medical Group for delaying and/or denying him Kosher meals; a Fourteenth Amendment deliberate indifference claim against defendants Nurse Henry, John Doe #1, and Jane Doe #1; a First Amendment retaliation claim against defendant R. Powell; and, an ADA violation against the Solano County Jail. Plaintiff understands that by choosing this option, the remaining state law negligence and HIPAA claims will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a). By selecting this option, plaintiff chooses not to amend his complaint.

**Or**

_____ Plaintiff wants time to file an amended complaint.

DATED:________________________ ________________________________

Ernest Lee Vaden, Jr.
Plaintiff pro se